**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| JORGE ARMANDO-REYES, | :: | MOTION TO VACATE |
|    Movant, | :: | 28 U.S.C. § 2255 |
| | :: | |
| v. | :: | CRIMINAL NO. |
| | :: | 1:12-CR-0078-ODE-RGV-2 |
| UNITED STATES OF AMERICA, | :: | |
|    Respondent. | :: | CIVIL ACTION NO. |
| | :: | 1:15-CV-3311-ODE-RGV |

**ORDER AND FINAL REPORT AND RECOMMENDATION**

This matter has been submitted to the undersigned Magistrate Judge for consideration of Jorge Armando-Reyes' motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, [Doc. 330],[1] memorandum of law in support of his § 2255 motion, [Doc. 336], the government's response, [Doc. 343], and Armando-Reyes' second motion for an extension to time to file a reply, [Doc. 361]. Armando-Reyes states that he needs an additional thirty days to file his reply "due to his personal circumstances previously mentioned to this Court." [Doc. 361]. In his first motion for an extension, Armando-Reyes sought additional time in order to conduct discovery to support his claims. [Doc. 355 at 2]. However, the Court denied

---

[1] The listed document and page numbers in citations to the record refer to the document and page numbers shown on the Adobe file reader linked to the Court's electronic filing database, CM/ECF.

Armando-Reyes' motion for leave to conduct discovery, but granted him an extension of time until February 11, 2016, to file a reply to the government's response. [Doc. 360 at 3]. Because Armando-Reyes does not explain why a second extension is necessary, his motion, [Doc. 361], is **DENIED**. Additionally, for the reasons that follow, it is **RECOMMENDED** that Armando-Reyes' § 2255 motion be denied.

## I. PROCEDURAL HISTORY

A federal grand jury in the Northern District of Georgia returned a nine count indictment against Armando-Reyes and five co-defendants, charging Armando-Reyes in Count One with conspiracy to distribute at least 500 grams of methamphetamine and at least 5 kilograms of cocaine, in violation of 21 U.S.C. §§ 846, 841(b)(1)(A)(viii), and (b)(1)(A)(ii); in Count Two with possession with intent to distribute cocaine, in violation of §§ 841(a)(1), (b)(1)(C), and 18 U.S.C. § 2; in Count Three with possession with intent to distribute methamphetamine, in violation of §§ 841(a)(1), (b)(1)(C), and 18 U.S.C. § 2; in Count Four with possession of a firearm in furtherance of a drug-trafficking crime, in violation of 18 U.S.C. §§ 924(c)(1)(A)(i), (c)(1)(B)(i), and 2; in Count Five with possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2); in Count Six with possession of a firearm by an illegal alien, in violation of 18 U.S.C. §§ 922(g)(5), 924(a)(2); and in Count Eight with

possession of counterfeit federal reserve notes, in violation of 18 U.S.C. § 472. [Doc. 49]. Armando-Reyes pleaded not guilty, [Doc. 79], and proceeded to a four-day jury trial represented by court-appointed counsel Bernard S. Brody ("Brody"), [Docs. 81; 171-74; 280-83]. The Court granted the government's oral motion to dismiss Count Five, [Doc. 174; Doc. 283 at 115], and the jury found Armando-Reyes guilty of all remaining counts, [Doc. 177; Doc. 283 at 142-43]. Additionally, the jury specifically found that Count One involved at least 500 grams of methamphetamine and at least 5 kilograms of cocaine. [Doc. 177]. The Court imposed a total sentence of 211 months of imprisonment, [Doc. 246], which the Court subsequently reduced to 195 months, [Doc. 344].

Armando-Reyes, still represented by Brody, appealed, arguing that the Court erred by refusing to grant him a two-level reduction for acceptance of responsibility and by admitting voice-identification testimony. Br. of Appellant at 11-16 (Oct. 15, 2013), United States v. Cintora-Gonzalez, 569 F. App'x 849 (11th Cir. 2014) (No. 13-13157-BB), 2013 WL 5674906, at *11-16. On June 24, 2014, the Eleventh Circuit affirmed Armando-Reyes' conviction and sentence. Cintora-Gonzalez, 569 F. App'x at 859.

3

On September 15, 2015, Armando-Reyes timely submitted this pro se § 2255 motion. [Doc. 330 at 13]. As grounds for relief, Armando-Reyes argues that Brody was ineffective for: (1) failing to properly advise him regarding the sentencing benefits to pleading guilty versus going to trial and by not advising him that he could accept the government's plea offer and still dispute drug quantity at sentencing, which would have resulted in a lower sentence; (2) failing to file a motion in limine to exclude a recording of Armando-Reyes' voice and testimony from the government's voice expert; (3) failing to challenge jury composition on the ground that there were no Hispanics on the jury; and (4) cumulative error. [Doc. 336 at 4-6, 10-24]. The government responds that all of Armando-Reyes' claims lack merit. [Doc. 343 at 14-29].

## II.  DISCUSSION

### A.  Legal Standards

A federal prisoner may file a motion to vacate his sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "[T]o obtain collateral relief a prisoner must

4

clear a significantly higher hurdle than would exist on direct appeal." United States v. Frady, 456 U.S. 152, 166 (1982) (footnote omitted). An evidentiary hearing is not warranted if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). Based on the record before the Court, the undersigned finds that an evidentiary hearing is not required in this case. See Diaz v. United States, 930 F.2d 832, 834 (11th Cir. 1991) (noting that, although prisoner seeking collateral relief is entitled to evidentiary hearing if relief is warranted by facts he alleges, which court must accept as true, hearing is not required if record conclusively demonstrates that no relief is warranted).

The standard for evaluating ineffective assistance of counsel claims is set forth in Strickland v. Washington, 466 U.S. 668, 687 (1984). The analysis is two-pronged. However, a court need not address both prongs "if the defendant makes an insufficient showing on one." Id. at 697. A defendant asserting a claim of ineffective assistance of counsel must first show that "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." Id. at 690. A court analyzing Strickland's first prong must be "highly deferential" and must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689; Atkins v. Singletary, 965 F.2d 952,

5

958 (11th Cir. 1992) ("We also should always presume strongly that counsel's performance was reasonable and adequate. . . .") (citation omitted).  Counsel is not incompetent so long as the particular approach taken could be considered sound strategy.  Chandler v. United States, 218 F.3d 1305, 1314 (11th Cir. 2000) (en banc); see also Waters v. Thomas, 46 F.3d 1506, 1512 (11th Cir. 1995) (en banc) ("[A] petitioner seeking to rebut the strong presumption of effectiveness bears a difficult burden.").

Second, a defendant must demonstrate that counsel's unreasonable acts or omissions prejudiced him.  "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment."  Strickland, 466 U.S. at 691.  In order to demonstrate prejudice, a defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  Id. at 694.  "A reasonable probability is a probability sufficient to undermine confidence in the outcome."  Id.

**B.     Ground One: Counsel's Assistance with Decision to Proceed to Trial**

Armando-Reyes contends that Brody provided him ineffective assistance by failing to properly advise him regarding the sentencing benefits to pleading guilty

6

versus going to trial and by not advising him that he could accept the government's plea offer and still dispute drug quantity at sentencing, which would have resulted in a lower sentence. [Doc. 336 at 4, 6, 10-15]. Armando-Reyes maintains that, had counsel provided him accurate advice during plea negotiations, he would have pleaded guilty and disputed the drug quantity at sentencing, and that, by doing so, he would have received a three-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1 and a downward departure in order to avoid sentencing disparity with his co-defendants. [Id. at 12].

Defense counsel renders ineffective assistance by providing defendant incompetent advice regarding whether to plead guilty or to proceed to trial. Lafler v. Cooper, 132 S. Ct. 1376, 1384 (2012). In order to establish prejudice based on a rejected plea offer:

> a defendant must show that but for the ineffective advice of counsel there is a reasonable probability that the plea offer would have been presented to the court ( i.e., that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances), that the court would have accepted its terms, and that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed.

7

Id. at 1385. A defendant's "after the fact [statement] concerning his desire to plead, without more, is insufficient to establish that but for counsel's alleged advice or inaction, he would have accepted the plea offer." Diaz, 930 F.2d at 835.

The record shows that Brody pursued plea negotiations with the government but that those negotiations were unsuccessful because the government would not agree to dismiss Count One, which carried a ten-year mandatory minimum sentence based on the specific drug amount alleged in the indictment, and because Armando-Reyes would not admit to that drug quantity. [Doc. 284 at 57-61; Doc. 336 at 4]. Brody correctly advised Armando-Reyes that, in order to plead guilty, he would have to admit the drug quantities alleged in Count One, i.e., at least 500 grams of methamphetamine and at least 5 kilograms of cocaine, which increased his maximum statutory penalty from twenty years to life imprisonment. See 21 U.S.C. §§ 841(b)(1)(A)(ii) and (b)(1)(A)(viii); United States v. Oliver, 544 F. App'x 858, 860 (11th Cir. 2013) (per curiam) ("[T]he specific quantity of drugs for which a defendant is accountable . . . become[s] an element of a drug conviction [when] it is used to sentence the defendant beyond the statutorily prescribed maximum penalty for the smallest detectable quantity. . . . In the context of a guilty plea, such an element may be established when the defendant admits the facts in question." (citations omitted)). Because Armando-

8

Reyes would not admit to the drug amount insisted upon by the government, see [Doc. 283 at 89-90; Doc. 284 at 60; Doc. 336 at 4], his only option was to proceed to trial. See United States v. Segura, 209 F. App'x 128, 136 (3d Cir. 2006) ("[T]o consummate a plea bargain, it takes two to tango, and there is no reason to believe that the Government wanted to dance."). Thus, Armando-Reyes has not shown deficient performance by Brody or prejudice.

Furthermore, Armando-Reyes' assertion that, had he pleaded guilty without admitting to a specific drug quantity, he would have received a three-level acceptance of responsibility reduction and a lesser sentence is unsupported by the record. The Court's stated reasons for not granting Armando-Reyes this reduction were: (1) Armando-Reyes did not "truthfully" admit relevant conduct and the conduct comprising the offenses of conviction when he went to trial "just for purposes of establishing a lower drug amount"; and (2) there was no evidence that Armando-Reyes was "remorseful" for his conduct. [Doc. 284 at 61-63]. There is nothing in the record to indicate that the Court would have granted this reduction had Armando-Reyes pleaded guilty while still disputing the drug amount. "Generally, a defendant who pleads guilty but contests the drug quantity is not entitled to a reduction under § 3E1.1." Cintora-Gonzalez, 569 F. App'x at 856. Furthermore, even if the Court

9

would have granted Armando-Reyes the two-level reduction under § 3E1.1(a) had he pleaded guilty, the additional one-level reduction under § 3E1.1(b) "may be granted only on formal motion by the government at the time of sentencing '[b]ecause the Government is in the best position to determine whether the defendant has assisted authorities in a manner that avoids preparing for trial.'" United States v. Wade, 458 F.3d 1273, 1282 (11th Cir. 2006) (quoting § 3E1.1, cmt. n.6).

Additionally, Armando-Reyes' assertion that he would have received a downward departure in order to avoid sentencing disparity with his co-defendants is based on mere speculation. "[T]o adjust the sentence of a co-defendant in order to cure an apparently unjustified disparity between defendants in an individual case will simply create another, wholly unwarranted disparity between the defendant receiving the adjustment and all similar offenders in other cases." United States v. Chotas, 968 F.2d 1193, 1198 (11th Cir. 1992) (per curiam) (citations omitted).

> District courts should not use [18 U.S.C.] § 3553(a)(6), which states that courts should consider the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct, to adjust the sentence of a codefendant. . . . Rather, § 3553(a)(6) applies in order to cure unwarranted disparities between the defendant and all similar offenders in other cases.

10

United States v. Reed, 391 F. App'x 857, 861 (11th Cir. 2010) (per curiam) (citing Chotas, 968 F.2d at 1197-98). Because Armando-Reyes' assertion that he would have received a lesser sentence had he pleaded guilty and disputed the drug quantity at sentencing is pure speculation, he "has not met his burden of showing a reasonable probability that the result would have been different but for the error; he has not met his burden of showing prejudice." United States v. Rodriguez, 398 F.3d 1291, 1301 (11th Cir. 2005). Thus, he is not entitled to relief on ground one.

### C. Ground Two: Counsel's Failure to Seek Exclusion of Voice Evidence

Next, Armando-Reyes argues that Brody was ineffective for failing to file a motion in limine to exclude a recording of Armando-Reyes' voice on the ground that it was recorded without Armando-Reyes having received Miranda[2] warnings. [Doc. 336 at 4-6, 15-21]. Armando-Reyes asserts that without this recording, the government's main evidence, i.e., intercepted phone calls and the voice identification expert, would not have been admissible, and the outcome of his trial would have been different. [Id.].

---

[2] Miranda v. Arizona, 384 U.S. 436, 444 (1966) (holding that "the prosecution may not use statements, whether exculpatory or inculpatory, stemming from custodial interrogation of the defendant unless it demonstrates the use of procedural safeguards effective to secure the privilege against self-incrimination.").

11

Although Armando-Reyes asserts that the recording was made during the booking process after his arrest, [id. at 15], the record reveals that the recording, or voice exemplar, was made on January 28, 2013, less than a month before trial, via a telephone call with Drug Enforcement Administration interpreter Yanilu Rondon, in which the interpreter asked Armando-Reyes questions from a script, [Doc. 281 at 116-19, 123-24]. The government had filed a motion to compel Armando-Reyes to furnish the voice exemplar, which the Court granted. [Docs. 96, 120]. In these circumstances, Miranda warnings were not required prior to taking Armando-Reyes' voice exemplar.

The privilege against self-incrimination, which Miranda warnings are meant to safeguard, "does not protect a suspect from being compelled . . . to produce 'real or physical evidence.'" Pennsylvania v. Muniz, 496 U.S. 582, 589 (1990) (citation omitted).

> Rather, the privilege "protects an accused only from being compelled to testify against himself, or otherwise provide the State with evidence of a testimonial or communicative nature." . . . "[I]n order to be testimonial, an accused's communication must itself, explicitly or implicitly, relate a factual assertion or disclose information. Only then is a person compelled to be a 'witness' against himself."

Id. (citations omitted). "It has long been held that the compelled display of identifiable physical characteristics infringes no interest protected by the privilege against compulsory self-incrimination." United States v. Dionisio, 410 U.S. 1, 5-6 (1973).

> The physical characteristics of a person's voice, its tone and manner, as opposed to the content of a specific conversation, are constantly exposed to the public. Like a man's facial characteristics, or handwriting, his voice is repeatedly produced for others to hear. No person can have a reasonable expectation that others will not know the sound of his voice, any more than he can reasonably expect that his face will be a mystery to the world.

Id. at 14. Thus, "no intrusion into an individual's privacy results from compelled execution of . . . voice exemplars." Id. at 772 (citation omitted). Because Armando-Reyes' voice exemplar was not taken during a custodial interrogation and was introduced solely to measure the physical characteristics of his voice and not for any testimonial or communicative content, Miranda warnings were not required. Accordingly, counsel's failure to raise this meritless issue "cannot constitute ineffective assistance of counsel," Owen v. Sec'y for Dep't of Corr., 568 F.3d 894, 915 (11th Cir. 2009) (citations omitted), and Armando-Reyes is not entitled to relief on ground two.

13

**D.     Ground Three: Counsel's Failure to Challenge Jury Composition**

Armando-Reyes further asserts that Brody provided him ineffective assistance by failing to challenge the allegedly "non-Hispanic" jury array. [Doc. 336 at 5-6, 21-23]. Armando-Reyes states that this claim is based on "the fact that none of the jurors selected have [H]ispanic[] surnames." [Id. at 23].

The Sixth Amendment guarantees a criminal defendant the right to a jury selected from a group representing a fair cross-section of the community. Duren v. Missouri, 439 U.S. 357, 360 (1979); United States v. Terry, 60 F.3d 1541, 1544 (11th Cir. 1995) (citing Taylor v. Louisiana, 419 U.S. 522, 528-30 (1975)).  However, Armando-Reyes has no right to a petit jury composed in whole or in part of individuals of any particular race.  Batson v. Kentucky, 476 U.S. 79, 85, n.6 (1986); see also Holland v. Illinois, 493 U.S. 474, 483 (1990)  (The Sixth Amendment requirement of a fair cross section on the jury venire does not mean "that petit juries actually chosen must mirror the community and reflect the various distinctive groups in the population. Defendants are not entitled to a jury of any particular composition.") (citation omitted).

To demonstrate a prima facie violation of the fair cross-section requirement, a defendant must establish:

14

> (1) that the group alleged to be excluded is a "distinctive" group in the community; (2) that the representation of this group in venires from which juries are selected is not fair and reasonable in relation to the number of such persons in the community; and (3) that this underrepresentation is due to systematic exclusion of the group in the jury-selection process.

Duren, 439 U.S. at 364; see also Castaneda v. Partida, 430 U.S. 482, 494 (1977) (describing the third prong of the test as a showing that the "selection procedure is susceptible of abuse or is not racially neutral"). "The burden of proving a fair-cross-section violation falls on the defendant." United States v. LeCroy, Criminal Action No. 2:02-CR-38-RWS-SSC, Civil Action No. 2:08-CV-2277-RWS, 2012 WL 1114238, at *59 (N.D. Ga. Mar. 30, 2012) (quoting Berryhill v. Zant, 858 F.2d 633, 638 (11th Cir. 1988)). If a "defendant fails to establish even one element of the prima facie case, then the Sixth Amendment 'fair cross-section' challenge fails." Id. (emphasis omitted) (citing United States v. Pepe, 747 F.2d 632, 649 (11th Cir. 1984)).

Armando-Reyes' unsupported assertion that there were no Hispanics on his jury is insufficient to establish a prima facie violation of the fair cross section requirement. See Duren, 439 U.S. at 364. Moreover, even if he could establish the first two elements of a prima facie violation, his claim of ineffective assistance of counsel would still fail because Armando-Reyes has presented nothing that "shows a

15

systematic exclusion of Hispanics that is 'inherent in the particular jury-selection process utilized.'" Sandoval v. United States, No. 1:05-CR-0324-CAP-JFK, 2011 WL 5553999, at *6 (N.D. Ga. Sept. 27, 2011) (quoting Duren, 439 U.S. at 366), report and recommendation adopted, 2011 WL 5554391, at *1 (N.D. Ga. Nov. 15, 2011). Accordingly, Brody also was not ineffective for failing to raise this meritless claim, and Armando-Reyes is not entitled to relief on ground three. See Owen, 568 F.3d at 915.

### E. Ground Four: Cumulative Error

Finally, Armando-Reyes contends that he is entitled to relief based on counsel's cumulative errors. [Doc. 336 at 24]. "Under the cumulative-error doctrine, 'an aggregation of nonreversible errors . . . can yield a denial of the constitutional right to a fair trial, which calls for reversal.'" United States v. Hesser, 800 F.3d 1310, 1329-30 (11th Cir. 2015) (per curiam) (citation omitted). In addressing cumulative error, a court must first examine each claim individually and then examine any error in the aggregate and the trial as a whole to determine whether a defendant was afforded a fundamentally fair trial. United States v. Calderon, 127 F.3d 1314, 1333 (11th Cir. 1997). Because Armando-Reyes has not demonstrated that counsel made any errors, there can be no cumulative error, and ground four fails. See Morris v. Sec'y, Dep't of

16

Corr., 677 F.3d 1117, 1132 (11th Cir. 2012) (concluding that habeas petitioner's cumulative error claim failed because none of his individual claims of error had any merit and, thus, there was "nothing to accumulate").

### III. CERTIFICATE OF APPEALABILITY

Rule 22(b)(1) of the Federal Rules of Appellate Procedure provides that an applicant for § 2255 relief "cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts provides, "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Section 2253(c)(2) of Title 28 states that a certificate of appealability ("COA") shall not issue unless "the applicant has made a substantial showing of the denial of a constitutional right." A movant satisfies this standard by showing "that reasonable jurists could debate whether (or, for that matter, agree that) the [motion] should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).

Based on the foregoing discussion of Armando-Reyes' grounds for relief, the resolution of the issues presented is not debatable by jurists of reason, and the undersigned recommends that he be denied a COA.

## IV.  CONCLUSION

For the foregoing reasons, **IT IS HEREBY RECOMMENDED** that this 28 U.S.C. § 2255 motion to vacate sentence, [Docs. 330, 336], and a COA be **DENIED**.

Armando-Reyes' second motion for an extension to time to file a reply, [Doc. 361], is **DENIED**.

The Clerk is **DIRECTED** to terminate the referral of the § 2255 motion to the Magistrate Judge.

**SO ORDERED AND RECOMMENDED**, this 18th day of March, 2016.

*Russell G. Vineyard*
RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE