FILED IN CHAMBERS

APR 27 2016

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| JORGE ARMANDO-REYES,<br>    Movant, | :: <br> :: <br> :: | MOTION TO VACATE<br>28 U.S.C. § 2255 |
| v. | :: <br> :: | CRIMINAL NO.<br>1:12-CR-0078-ODE-RGV-2 |
| UNITED STATES OF AMERICA,<br>    Respondent. | :: <br> :: <br> :: | CIVIL ACTION NO.<br>1:15-CV-3311-ODE-RGV |

## ORDER

This matter is currently before the Court on Jorge Armando-Reyes' objections [Doc. 366] to the Final Report and Recommendation ("R&R") issued by Magistrate Judge Russell G. Vineyard [Doc. 362], which recommends that Armando-Reyes' 28 U.S.C. § 2255 motion be denied. In reviewing a Magistrate Judge's Report and Recommendation, the district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." United States v. Schultz, 565 F.3d 1353, 1361 (11th Cir. 2009) (per curiam) (quoting Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988)) (internal quotation

marks omitted). Absent objection, the district judge "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge," 28 U.S.C. § 636(b)(1), and "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation," Fed. R. Civ. P. 72, advisory committee note, 1983 Addition, Subdivision (b). Further, "the district court has broad discretion in reviewing a magistrate judge's report and recommendation" – it "does not abuse its discretion by considering an argument that was not presented to the magistrate judge" and "has discretion to decline to consider a party's argument when that argument was not first presented to the magistrate judge." Williams v. McNeil, 557 F.3d 1287, 1290-92 (11th Cir. 2009).

A federal grand jury in the Northern District of Georgia returned a nine count indictment against Armando-Reyes and five co-defendants, charging Armando-Reyes in Count One with conspiracy to distribute at least 500 grams of methamphetamine and at least 5 kilograms of cocaine, in violation of 21 U.S.C. §§ 846, 841(b)(1)(A)(viii), and (b)(1)(A)(ii); in Count Two with possession with intent to distribute cocaine, in violation of §§ 841(a)(1), (b)(1)(C), and 18 U.S.C. § 2; in Count Three with possession with intent to distribute methamphetamine, in violation of §§ 841(a)(1), (b)(1)(C), and 18 U.S.C. § 2; in Count Four with possession of a firearm

2

in furtherance of a drug-trafficking crime, in violation of 18 U.S.C. §§ 924(c)(1)(A)(i), (c)(1)(B)(i), and 2; in Count Five with possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2); in Count Six with possession of a firearm by an illegal alien, in violation of 18 U.S.C. §§ 922(g)(5), 924(a)(2); and in Count Eight with possession of counterfeit federal reserve notes, in violation of 18 U.S.C. § 472. [Doc. 49]. Armando-Reyes pleaded not guilty, [Doc. 79], and proceeded to a four-day jury trial represented by court-appointed counsel Bernard S. Brody ("Brody"), [Docs. 81; 171-74; 280-83]. The Court granted the government's oral motion to dismiss Count Five, [Doc. 174; Doc. 283 at 115], and the jury found Armando-Reyes guilty of all remaining counts, [Doc. 177; Doc. 283 at 142-43]. Additionally, the jury specifically found that Count One involved at least 500 grams of methamphetamine and at least 5 kilograms of cocaine. [Doc. 177]. The Court imposed a total sentence of 211 months of imprisonment, [Doc. 246], which the Court subsequently reduced to 195 months, [Doc. 344].

Armando-Reyes, still represented by Brody, appealed, arguing that the Court erred by refusing to grant him a two-level reduction for acceptance of responsibility and by admitting voice-identification testimony. Br. of Appellant at 11-16 (Oct. 15, 2013), United States v. Cintora-Gonzalez, 569 F. App'x 849 (11th Cir. 2014) (No. 13-

13157-BB), 2013 WL 5674906, at *11-16. On June 24, 2014, the United States Court of Appeals for the Eleventh Circuit affirmed Armando-Reyes' conviction and sentence. Cintora-Gonzalez, 569 F. App'x at 859.

On September 15, 2015, Armando-Reyes timely submitted this pro se § 2255 motion. [Doc. 330 at 13]. As grounds for relief, Armando-Reyes argues that Brody was ineffective for: (1) failing to properly advise him regarding the sentencing benefits to pleading guilty versus going to trial and by not advising him that he could accept the government's plea offer and still dispute drug quantity at sentencing, which would have resulted in a lower sentence; (2) failing to file a motion in limine to exclude a recording of Armando-Reyes' voice and testimony from the government's voice expert; (3) failing to challenge jury composition on the ground that there were no Hispanics on the jury; and (4) cumulative error. [Doc. 336 at 4-6, 10-24]. The government responds that all of Armando-Reyes' claims lack merit. [Doc. 343 at 14-29].

Armando-Reyes filed motions for leave to conduct discovery and for an evidentiary hearing [Doc. 354] and for leave to file a reply to the government's response after the completion of discovery [Doc. 355]. The Magistrate Judge denied Armando-Reyes' motion for leave to conduct discovery and for an evidentiary

hearing, but granted him twenty-one days to file a reply to the government's response. [Doc. 360]. Armando-Reyes then sought a second extension of time to file a reply, stating only that he needed additional time "due to his personal circumstances previously mentioned to this Court." [Doc. 361]. The Magistrate Judge denied Armando-Reyes' second motion for an extension because he failed to explain why another extension was necessary. [Doc. 362 at 2].

The Magistrate Judge found, as to ground one, that Armando-Reyes received constitutionally effective assistance in connection with his decision to proceed to trial and further that he failed to show prejudice because (1) the Court would not have granted him an acceptance of responsibility reduction had he pleaded guilty while still contesting the drug amount and (2) his assertion that he would have received a downward departure in order to avoid sentencing disparity with his co-defendants was based on mere speculation. [Doc. 362 at 6-11]. Regarding ground two, the Magistrate Judge found that because Armando-Reyes' voice exemplar was not taken during a custodial interrogation and was introduced solely to measure the physical characteristics of his voice and not for any testimonial or communicative content,

Miranda[1] warnings were not required, and Brody's failure to raise this meritless issue could not constitute ineffective assistance of counsel. [Id. at 11-13]. The Magistrate Judge then found that Armando-Reyes was not entitled to relief on ground three because Brody was not ineffective for failing to raise Armando-Reyes' meritless challenge to the composition of the jury. [Id. at 14-16]. Finally, the Magistrate Judge determined that because Armando-Reyes had not demonstrated that counsel made any errors, there could be no cumulative error. [Id. at 16-17].

Armando-Reyes objects that he was entitled to an evidentiary hearing on his complaint in ground one that Brody failed to advise him that he could plead guilty without a plea agreement. [Doc. 366 at 2-3]. He further objects that the Magistrate Judge did not specifically address this complaint and erred by finding that he would have had to admit the drug quantities alleged in the indictment in order to plead guilty. [Id. at 3-14]. The Court finds, however, that Armando-Reyes is not entitled to relief on ground one because he cannot show prejudice. The Court would not have granted Armando-Reyes an acceptance of responsibility reduction had he pleaded guilty while

---

[1] Miranda v. Arizona, 384 U.S. 436, 444 (1966) (holding that "the prosecution may not use statements, whether exculpatory or inculpatory, stemming from custodial interrogation of the defendant unless it demonstrates the use of procedural safeguards effective to secure the privilege against self-incrimination.").

still disputing the drug amount, and Armando-Reyes' belief that he would have received a lesser sentence is pure speculation.

Armando-Reyes also objects that the Magistrate Judge issued the R&R without first allowing him to file a reply to the government's response. [Id. at 3]. Armando-Reyes states that he needed additional time because he "does not speak or write English" and because he relied on a "jailhouse lawyer" who "was unexpectedly transferred." [Id.]. Contrary to his assertions, Armando-Reyes did not present these circumstances to the Magistrate Judge, who therefore did not err in denying Armando-Reyes' second motion for an extension of time to file a reply.

After careful consideration, the Court finds that all of the Magistrate Judge's factual and legal conclusions were correct and that Armando-Reyes' objections have no merit. Accordingly, the Court **ADOPTS** the R&R [Doc. 362] as the opinion and order of the Court, **DENIES** this § 2255 motion [Docs. 330, 336], and **DECLINES** to issue a certificate of appealability. The Clerk is **DIRECTED** to close this case.

**SO ORDERED**, this ___26___ day of April, 2016.

ORINDA D. EVANS
UNITED STATES DISTRICT JUDGE

7